*117 OPINION.
Morris:
The taxpayer contends that the cost of certain ice cream cans, tubs, and cabinets, purchased during the years 1920 and 1921 by the Hoffman Ice Cream Co., was an ordinary and necessary business expense and deductible from gross income, and that the *118 partnership, on account of abnormal conditions, should be permitted, in computing its deductions for exhaustion, wear and tear of the property used in its business, to use a higher rate than that used by the Commissioner. He also alleges that the Commissioner has failed to make an adequate allowance for salaries in determining the net income of the partnership. However, the record discloses that the Commissioner has allowed the same salaries claimed by the partnership in its return for the years involved herein, and the taxpayer has introduced no evidence to show that the allowance for that purpose should be increased.
The ice cream cans, tubs,'and cabinets purchased by the partnership from the W. E. Hoffman Co. were a part of the partnership capital assets. The purchases of new cans, tubs, and cabinets involved herein were made for the purpose of replacing the original cans, tubs, and cabinets as they became exhausted. These assets were thus maintained at a certain standard at all times. Section 215 (c) of the Revenue Act of 1918 and section 215 (a) (3) of the Revenue Act of 1921 provide that no deduction shall be allowed in respect to “ any amount expended in restoring property -or in making good the exhaustion thereof for which an allowance is or has been made.” The partnership has claimed and has been allowed a deduction for depreciation of the cans, tubs, and cabinets used in its business, and it should not be permitted to charge the replacement cost thereof to expense and deduct the same from gross income. The cost of these replacements was, we think, clearly a capital expenditure. The amount spent by the partnership for cans, tubs, and cabinets during the period of April 1,1920, to November 1, 1921, should therefore be capitalized and depreciated over their life.
We are satisfied from the evidence that The machinery and equipment used by the partnership had a useful life of five years, and •that the deduction for depreciation on those assets should be computed on that basis. It is our opinion that the auto trucks and shipping equipment had a useful life of three years, and that the depreciation rate of 33y3 per cent used by the Commissioner is therefore reasonable. The evidence fails to establish that depreciation of buildings and office fixtures occurred at a greater rate than that determined by the Commissioner and the allowance made by him for that purpose is approved.
The taxpayer took over the assets of the partnership on November 1, 1921, and continued to operate the business during the remainder of the calendar year. The rates of depreciation herein approved as to the partnership should be used in computing the taxpayer’s allowance for depreciation of the assets acquired from the partnership.